**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
AARON R. JOHNSON,                   :
                                    : Civil Action No. 11-3836 (RMB)
    Plaintiff,                      :
                                    :
v.                                  : **O P I N I O N**
                                    :
JOSEPH BONDISKEY, et al.,           :
                                    :
    Defendants.                     :
                                    :
_____

**APPEARANCES:**

AARON R. JOHNSON, Plaintiff pro se
4028-050
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

**BUMB**, District Judge

    Plaintiff, Aaron Johnson("Plaintiff"), confined at United States Penitentiary - Canaan in Waymart, Pennsylvania at the time he submitted this complaint for filing, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the complaint.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state

a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should proceed in part.

## I. BACKGROUND

Plaintiff brings this civil action, pursuant to 42 U.S.C. § 1983, against Defendants Joseph Bondiskey, Warden of the Gerard L. Gormley Justice Facility[1], and Corrections Officer Louis King.

In his first claim, Plaintiff alleges that when he was a prisoner in the Gerard L. Gormley Justice Facility, while being escorted to the top tier shower, he was handcuffed from behind by Officer Louis King.  While being handcuffed, he felt a pain in his right leg, as if he had been kicked, and he fell down seven steel steps.  He was unconscious when he arrived at the hospital.  When he returned to the jail, he was informed by another inmate that said inmate had seen Officer King kick Plaintiff down the stairs. Plaintiff suffered a "small disk protrusion paracentral to the right L5-S1."

In his second claim, Plaintiff states only that he was "denied medication for three weeks."  He states that his injury was "pain and suffering, denying [him] medical attention, and pain

---

[1] Plaintiff does not make any specific allegations against Defendant Bondiskey.  In fact, Defendant Bondiskey appears to only be referenced in the caption and under the list of defendants.  Therefore, as there are no specific allegations against him and it is not apparent why he is named as a defendant in this case, Defendant Bondiskey will be dismissed without prejudice as a defendant.

medication."

Plaintiff seeks $800,687.00 in damages.

**II. DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary

dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory

> ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**B.  Analysis**

**1. Excessive Force Claim**

An excessive force claim may be a violation of either the Eighth or Fourteenth Amendments.  See Graham v. Connor, 490 U.S. 386, 392-394 (1989) (cases involving the use of force against convicted individuals are examined under the Eighth Amendment's proscription against cruel and unusual punishment, cases involving the use of force against pretrial detainees are examined under the Fourteenth Amendment).  Here, it is not clear whether Plaintiff was a convicted prisoner awaiting sentencing or a pretrial detainee at the time of the alleged incident.  As such, this Court will analyze the excessive force claim under both the Eighth Amendment standard and the due process standard under the Fourteenth Amendment.

5

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments, i.e., they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Id. at 347. The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Id. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1956)).

To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective element questions whether the deprivation of a basic human need is sufficiently serious; the subjective component asks whether the officials acted with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component is contextual and responsive to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992). The subjective component follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." See Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted)); Rhodes, 452 U.S. at 345.

What is necessary to establish an unnecessary and wanton infliction of pain varies also according to the nature of the alleged constitutional violation. <u>Hudson</u>, 503 U.S. at 5. Where the claim is one of excessive use of force, the core inquiry as to the subjective component is that set out in <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986) (citation omitted): "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." (quoted in <u>Hudson</u>, 503 U.S. at 6.) "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." <u>Id.</u> at 9. In such cases, a prisoner may prevail on an Eighth Amendment claim even in the absence of a serious injury, the objective component, so long as there is some pain or injury and something more than de minimis force is used. <u>Id.</u> at 9-10 (finding that blows which caused bruises, swelling, loosened teeth, and a cracked dental plate were not de minimis for Eighth Amendment purposes).

To determine whether force was used in "good faith" or "maliciously and sadistically," courts have identified several factors, including the need for the use of force, the amount of force used, the extent of injury inflicted, the extent of the threat to others, and any efforts to temper the severity of force. <u>Brooks v. Kyler</u>, 204 F.3d 102, 106 (3d Cir. 2000) (quoting <u>Whitley</u>, 475 U.S. at 321). Thus, not all use of force is "excessive" or

will necessarily give rise to a constitutional violation.  See Hudson, 503 U.S. at 9 (it is clear that not "every malevolent touch by a prison guard gives rise to a federal cause of action").  Therefore, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  Id. at 9-10.

Here, Plaintiff alleges that he was assaulted by Officer King with unnecessary force and intent to harm while Plaintiff was handcuffed and restrained.  Plaintiff further alleges that he sustained bodily injury that required medical treatment.[2]  Therefore, based on the allegations in the Complaint, if true, it would appear that Plaintiff has asserted facts that may be sufficient to suggest that the officer exhibited malicious and sadistic conduct intended to cause Plaintiff pain.  Such conduct, if true, is "repugnant to the conscience of mankind" absent extraordinary circumstances necessary to justify that kind of force.  Hudson, 503 U.S. at 10.

To the extent that Plaintiff was a pretrial detainee at the time the incident occurred, the standard to be applied in an excessive force claim differs.  A pre-trial detainee is protected

---

[2] "[T]he Eighth Amendment analysis must be driven by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002). Thus, the pivotal inquiry in reviewing an excessive force claim is whether the force was applied maliciously and sadistically to cause harm. Id. at 649; Brooks, 204 F.3d at 106. Otherwise, an inmate "could constitutionally be attacked for the sole purpose of causing pain as long as the blows were inflicted in a manner that resulted" in injuries that were de minimis. Id.

8

by the Due Process Clause of the Fourteenth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535, n. 16, 545 (1979); City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983); Fuentes v. Wagner, 206 F.3d 335, 341 n. 7, 9 (3d Cir. 2000).

Analysis of whether a detainee or un-sentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979); Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law....
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention....
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the

>     governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees....

Bell, 441 U.S. at 535-39 (citations omitted).

The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. Id. at 539 n. 20. Nor are grossly exaggerated responses to genuine security considerations. Id. at 539 n. 20, 561-62.

Under this standard, for purposes of surviving dismissal at this preliminary stage, Plaintiff has adequately alleged that Corrections Officer King used excessive force against him in violation of his constitutional rights. The allegations may support a claim that Plaintiff was viciously assaulted by the defendant officer for no apparent reason other than to "punish" him. There are no allegations that Plaintiff was himself attacking or provoking the Defendant when he assaulted him. Under these circumstances, if true, Plaintiff may be able to prove that Defendant King's actions were a grossly exaggerated response.

Therefore, this Court finds that Plaintiff has alleged facts sufficient to support an excessive force claim under either the Eighth or Fourteenth Amendment, and this claim will be allowed to proceed at this time.

**2. Denial of Medical Treatment Claim**

With regard to his denial of medical treatment claim, Plaintiff does not provide any facts or details. He does not allege who was depriving him of medical treatment; nor does he state for what condition he was denied medical treatment. In short, Plaintiff provides no elaboration. Under Iqbal, the unadorned allegations that Plaintiff was "denied medication for three weeks" are "no more than conclusions [which] are not entitled to the assumption of truth." Iqbal at 1950. As Plaintiff makes no non-conclusory factual allegations regarding what was done or not done that violated Plaintiff's rights under § 1983, the denial of medical treatment claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.[3]

---

[3] Plaintiff may seek leave to amend his Complaint to allege facts to show a valid denial of medical treatment claim. To the extent that Plaintiff chooses to amend his Complaint to cure the deficiencies noted herein, pursuant to Federal Rule of Civil Procedure 15, Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

**III. Conclusion**

    For the reasons stated above, Defendant Bondiskey will be dismissed without prejudice as a defendant in the instant action. Plaintiff's excessive force claim will be permitted to proceed and Plaintiff's denial of medical treatment claim will be dismissed without prejudice. As also stated above, Plaintiff may seek leave to amend his complaint. An appropriate order follows.

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            UNITED STATES DISTRICT JUDGE

Dated: July 27, 2011