[Dkt. No. 35]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

AARON R. JOHNSON,

        Plaintiff,

  v.

LOUIS KING,

        Defendant.

Civil No. 11-3836 RMB/JS

**MEMORANDUM ORDER**

Aaron R. Johnson
546546C
S.W.S.P.215 Burlington Road
Brudgeton, NJ 08302
    *Pro se Plaintiff*

James T. Dugan
Atlantic County Department of Law
1333 Atlantic Avenue, 8th Floor
Atlantic City, New Jersey 08401
    *Attorneys for Defendant*

Pro se Plaintiff Aaron Johnson ("Plaintiff") claims, pursuant to 42 U.S.C. § 1983, that Defendant Louis King ("Defendant") violated Plaintiff's constitutional right to be free from excessive force. Defendant has moved for summary judgment. For the reasons that follow, that motion is DENIED.

I.   Background

Plaintiff was a pre-trial detainee incarcerated in the Atlantic County Justice Facility.  Plaintiff claims that Defendant, a corrections officer at the facility, kicked Plaintiff down a set of stairs while Defendant was escorting Plaintiff from the showers.  Plaintiff's principal evidence in support of this claim is the eyewitness account of a fellow inmate - Michael Williams.

Defendant disputes Plaintiff's version of events and claims that Plaintiff simply fell down the stairs.

II. Standard

Summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

In opposing a motion for summary judgment, a litigant may not stand on his pleadings alone, but must instead cite to particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only) or other materials in support of their claim.  Federal Rules Of Civil Procedure Rule 56(c).

III. Analysis

Plaintiff has asserted excessive force claims against Defendant in both his official and individual capacities. Defendants have moved for summary judgment as to each.  For the reasons set out below, Defendant's motion is granted with respect to the claim against Defendant in his official capacity and denied with respect to Plaintiff's claim against Defendant individually.

    A.   Plaintiff's Official Capacity Claim

Defendant is entitled to dismissal of Plaintiff's official capacity claim for two reasons: (1) because as a state employee, he is not a "person" amenable to suit under Section 1983; and (2) because the claim against him officially is barred by the Eleventh Amendment.  Clayton v. Clement, No. 06-5426, 2007 WL 4260002, at *4-5 (D.N.J. Nov. 30, 2007) (holding that state officers sued in their official capacities are immune from suit under the Eleventh Amendment and are not considered "persons within the meaning of Section 1983"); Afdahl v. Cancellieri, No.

3

09-1332, 2009 WL 5213992, at *7 (D.N.J. Dec. 21, 2009) (dismissing suit against prison official sued in his official capacity on same grounds); Rodriguez v. Hayman, No. 08-4239, 2009 WL 4122251, at *4-5 (D.N.J. Nov. 23, 2009) (dismissing suit against state prison guards in their official capacities on same grounds).

    B.    Plaintiff's Individual Capacity Claim

Defendant argues that he is entitled to qualified immunity on Plaintiff's individual capacity claim.  To determine whether an officer is entitled to qualified immunity from suit, courts ask two questions: "(1) whether the officer violated a constitutional right," and "(2) whether the right was clearly established, such that it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Lamont v. N.J., 637 F.3d 177, 182 (3d Cir.2011) (quoting Saucier v. Katz, 533 U.S. 194, 201–02 (2001) (internal quotations and brackets omitted)). The officer seeking to invoke qualified immunity has the burden of proving its applicability. See Reedy v. Evanson, 615 F.3d 197, 223 (3d Cir. 2010).  The Court addresses each question in turn.

        1.    Did Defendant Violate A Constitutional Right?

4

In determining whether there was a violation of a constitutional right, the Court must first determine what standard applies. While it is clear that pre-trial detainee excessive force claims are analyzed under the Fourteenth Amendment, it is unclear what standard applies here. Johnson v. Bondiskey, No. 11-3836, 2011 WL 3236519, at *4 (D.N.J. July 27, 2011)(holding that the Fourteenth Amendment applies to pre-trial detainee excessive force claims); see Carson v. Mulvihill, 488 F. App'x 554, 562 (3d Cir. 2012)(declining to decide what more particular standard applies in circumstances like here).

The Third Circuit has made plain that, in the context of a prison disturbance, the standard applied to pre-trial detainees is the same as that applied in Eighth Amendment prisoner excessive force cases. Carson, 488 F. App'x at 562. Under that standard, courts look to both subjective and objective elements. Hudson v. McMillan, 503 U.S. 1, 7-8 (1992). Subjectively, courts assess whether prison officials applied force "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Johnson, 2011 WL 3236519, at *3 (quoting Hudson, 503 U.S. at 6.). Objectively, courts consider whether officials' conduct was "objectively harmful enough" that it offends "contemporary

standards of decency." Hudson, 503 U.S. at 8. In weighing these issues, the courts look to the following factors:

(1) the need for the application of force;

(2) the relationship between the need and the amount of force used;

(3) the extent of the injury inflicted;

(4) the extent of the threat to the safety of prison staff and inmates, as reasonably perceived by prison officials on the facts known to them; and

(5) any efforts made to temper the severity of a forceful response.

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

Outside of the context of a prison disturbance, however, the Third Circuit has not yet specifically addressed the contours of an excessive force claim by a pre-trial detainee. Carson, 488 F. App'x at 562.[1] Generally, courts assessing the treatment of pre-trial detainees look to whether the treatment of the prisoner is: (1) rationally related to a legitimate non-punitive governmental purpose; and (2) whether the treatment of the prisoner appears excessive in relation to that purpose. Id. at 560 (3d Cir. 2012)(citing to Bell v Wolfish, 441 U.S. 520 (1979)).

---

[1] Other Circuit Courts have not distinguished pre-trial detainee excessive force claims on this basis and instead held that Eighth Amendment excessive force principles are applicable to all pre-trial detainee claims. DeBoe v. Du Bois, No. 12-53, 2012 WL 5908447, at *2 (2d Cir. Nov. 27, 2012); Riley v. Dorton, 115 F.3d 11590, 1166 (4th Cir. 1997).

Here, because the alleged incident did not occur in the context of a prison disturbance, it is unclear what standard applies.  However, applying either standard articulated above, Plaintiff has presented a genuine issue of material fact as to whether Defendant violated Plaintiff's right to be free from excessive force by kicking him down a flight of stairs without provocation.  Under the standard this Circuit has applied in the context of a prison disturbance, an unprovoked kick down a set of stairs, would represent force used maliciously and sadistically to cause harm and not a good faith effort to maintain or restore discipline. Under the general standard applicable to pre-trial detainees, an unprovoked kick down a set of stairs would lack any rational relationship to a legitimate governmental purpose.[2]

2.   Was That Right Clearly Established?

Because the "[m]alicious and sadistic use of force is always in violation of clearly established law," "qualified immunity affords no protections to defendants in" excessive force cases, whether analyzed under the Eighth or Fourteenth Amendment. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)(holding

---

[2] Defendant argues that, even crediting Plaintiff's version of events, the use of force was de minimis and, therefore, not actionable. (Defendant's Brief in Support of Summary Judgment at 16).  This Court disagrees.  Kicking someone down a set of stairs is not a de minimis use of force.

that where excessive force is established under either Eighth or Fourteenth Amendment, defendants have no entitlement to qualified immunity); Thomas v. Ferguson, 361 F. Supp. 2d 435 (D.N.J. 2004)(Eighth Amendment); Athill v. Speziale, No. 06-4941, 2009 WL 1874194, at *9 (Fourteenth Amendment); Shaffer v. Balicki, No. 07-0031, 2010 WL 891336, at *5 (D.N.J. Mar. 10, 2010)(Eighth Amendment); Small v. Whittick, No. 06-1363, 2010 WL 3881303, at *4 (D.N.J. Sep. 27, 2010)(Eighth Amendment).

Here, having found that Plaintiff presented a genuine issue of material fact as to whether Defendant violated his constitutional right to be free from excessive force, Defendant cannot claim that that right was not clearly established.

IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is DENIED, in part, and GRANTED, in part. It is DENIED with respect to Plaintiff's excessive force claim against Defendant in his individual capacity. This claim must be presented to a jury. It is GRANTED with respect to Plaintiff's excessive force claim against Defendant in his official capacity. That claim is dismissed with prejudice.

                                              /s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge

Dated: May 7, 2013