IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

AARON R. JOHNSON,

            Plaintiff,

    v.

LOUIS KING,

            Defendant.

Civil No. 11-3836 RMB/JS

**OPINION**

Aaron R. Johnson
546546C S.W.S.P.
215 Burlington Road
Bridgeton, NJ 08302
    Pro se Plaintiff

James T. Dugan
Atlantic County Department of Law
1333 Atlantic Avenue, 8th Floor
Atlantic City, New Jersey 08401
    Attorney for Defendant

    This matter comes before the Court upon a motion by Defendant Louis King ("Defendant") to renew his motion for summary judgment. For the reasons that follow, Defendant's motion is denied and this matter will proceed to trial on June 19, 2014, as this Court will reconsider its prior decision regarding the costs of transporting Plaintiff's key witness.

1

I.   <u>Background</u>

<u>Pro se</u> Plaintiff, Aaron Johnson ("Plaintiff")[1], claims,
pursuant to 42 U.S.C. § 1983, that Defendant violated his
constitutional right to be free from excessive force while he was
a pre-trial detainee incarcerated in the Atlantic County Justice
Facility.   Plaintiff claims that on August 11, 2010, Defendant, a
corrections officer at the facility, kicked him down a set of
stairs while Defendant was escorting Plaintiff from the showers.
Plaintiff's principal evidence in support of this claim is the
eyewitness account of his cellmate - Michael Williams.   Plaintiff
has offered the testimony of no others in support of his
contention that his fall was caused by Defendant kicking him.
The only support for his contention are his own statements, as
informed by Williams, and a written statement by Williams stating
that "I seen [sic] Officer L. King kick Aaron Johnson down a
flight stairs [sic]."   [Docket No. 42 at Ex. D].   Defendant
disputes Plaintiff's version of events and claims that Plaintiff
simply fell down the stairs.

In this Court's prior Order [Docket No. 44], the Court found
that Plaintiff could proceed with his claim against Defendant in
his individual capacity as Plaintiff intended to present the live

---

[1] Plaintiff is proceeding in this matter <u>in forma pauperis</u>.

testimony of Williams at trial.  Pursuant to motions in limine,
this matter was set to proceed to a bifurcated trial with the
liability portion of trial set to commence on January 13, 2014.
Plaintiff's only fact witness, Williams, was ordered by this
Court to be produced without the prepayment of fees by Plaintiff.
[Docket No. 57].

On December 20, 2013, Defendant moved for reconsideration as
to the production of inmate Williams at the expense of the State.
[Docket No. 58].  This Court granted that motion for
reconsideration and found that all costs related to producing
Williams needed to be paid in advance by the Plaintiff pursuant
to N.J.A.C. 10A:3-9.13, which states, in relevant part:

> (a)  The costs of transporting an inmate to court for civil
> action will be paid by the Department of Corrections
> when:
>
> 1. The cause of action is related to the inmate's
> confinement.
> * * *
> (b) The cost of transporting an inmate to court for a civil
> action other than those listed in (a) above shall be
> paid in advance of the transportation by:
> 1. The inmate;
> 2. The inmate's attorney or representative; and/or
> 3. The person bringing the civil action against the
> inmate or that person's representative.

A review of this statute persuaded this Court that, because
inmate Williams was not covered under subsection (a), Plaintiff

had to pay the cost of production in advance, and that asking the State to seek reimbursement for the transportation of Williams would improperly require the State to absorb the related expenses.

During a hearing on the pending motion for reconsideration and other motions in limine, Plaintiff was informed that he would have to bear the costs of producing Williams.  See Porter v. Dept. of the Treasury, 564 F.3d 176, 180 n.3 (3d Cir. 2009) ("IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs . . . expert witness fees. . . or sanctions.").  The Court, in an attempt to accommodate Plaintiff and allow him to present his case via admissible evidence, offered him the opportunity to either proceed to trial and pay the related expenses to produce Williams or stay the matter for a limited time.  Plaintiff elected to stay the matter pending Williams' scheduled release from prison, which was slated for some time in April of 2014. Trial was set to commence on May 12, 2014, following Williams' release date.

Shortly after his release date, Williams, for reasons unknown, was re-incarcerated.  The parties appeared for trial on

4

May 12, 2014, but the trial did not proceed as Plaintiff's only
witness, Williams, was not available.  Although Plaintiff was
prepared to proceed to trial, he was not aware that Williams had
been re-incarcerated.  During a hearing held on May 12th in lieu
of trial, Defendant asked this Court to renew the motion for
summary judgment in light of the fact that the only evidence
Plaintiff planned to present in support of his contention that
Defendant kicked him down the stairs was the testimony of
Williams, who Plaintiff was not prepared to produce to testify at
trial.

In light of Plaintiff's inability to pay the fees associated
with producing Williams, and in an effort to continue to ensure
that Plaintiff had every opportunity to present his case via
admissible evidence, this Court delayed decision on Defendant's
renewed motion for summary judgment and provided Plaintiff with
ten days to supplement the record to present competent evidence.
The only additional submissions this Court has received are
Plaintiff's request for a writ of habeas corpus ad testificandum
for inmate Williams and a letter regarding the reports of a
corrections officer.  [Docket No. 76 & 78].  In this first
submission, Plaintiff admits that his case "depends [in] large
part on Michael W. Williams['] testimony."  [Docket No. 76].

Plaintiff has not represented that he will pay the costs associated with producing Williams or that he has other admissible evidence in support of his claim.  In a letter dated May 22, 2014, counsel for Defendant, after speaking with administrators at South Woods State Prison, indicated to this Court that "no arrangements have been made to transport Michael Williams to Court."  [Docket No. 77].

II.  Standard

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party."  Id.  When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party."  Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983).

III. <u>Analysis</u>

     Before entertaining Defendant's renewed motion for summary judgment, this Court feels compelled to first reconsider its ruling that Plaintiff must pre-pay the expenses associated with the production of Williams as it finds, for reasons discussed further below, that such reconsideration is warranted to prevent manifest injustice.

     During his deposition, Plaintiff clarified that the basis for his contention that he was "kicked" was based on the statement of Williams:

> Q: Isn't it true that the first time you thought you were kicked was when Michael Williams told you [that] you were kicked?
>
> A: Yes, and other inmates.

Pl.'s Deposition Transcript, 58:3-6.  Moreover, in his inmate grievance form completed on August 15, 2010, Plaintiff stated, "I don't know what exactly happened, **I heard I was kicked down the steps** . . ." Def.'s Ex. I (emphasis added).  Without the testimony of inmate Williams, Plaintiff would be opposing Defendant's summary judgment motion and attempting to proceed to trial on the sole basis of hearsay.  Hearsay is defined in Federal Rule of Evidence 801(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing,

7

offered in evidence to prove the truth of the matter asserted."
Fed. R. Evid. 801(c). Certainly, Plaintiff seeks to present
classic hearsay evidence during trial in the form of Williams'
out of court statement that Plaintiff was kicked, which is being
offered for its truth.

It is clear, that without the testimony of Williams, summary
judgment in favor of Defendant would be warranted. Upon
revisiting the statute related to transportation of inmates, this
Court finds that, based on the particular circumstances of this
case, Williams should be produced by the Department of
Corrections for purposes of testifying at trial set for June 19,
2014, without prepayment of fees by Plaintiff.

In coming to this conclusion, this Court starts with Section
(a) of N.J.A.C. 10A:3-9.13 which states, in relevant part, that:

> (a) The costs of transporting an inmate to court for civil
> action will be paid by the Department of Corrections
> when:
>
> 1. The cause of action is related to the inmate's
> confinement.

Clearly, a § 1983 claim for excessive force alleged to have
occurred based on the conduct of an officer employed by the
Department of Corrections constitutes a cause of action "related
to the inmate's confinement." In such instance, the

Administrative Code requires that the Department of Corrections transport, at its own cost, the inmate alleged to have been the victim of excessive force.

Read literally, the Department of Corrections is required only to pay the inmate/victim's transportation costs but not such costs for an inmate/witness.  In many cases, this presents an insurmountable hurdle for inmates who have filed their civil rights complaints in forma pauperis.  On the other hand, requiring the Department of Corrections to transport any and all inmates alleged to be involved in a cause of action covered by subsection (a) presents an unrealistic and undue burden on the institution.  In the end of its analysis, however, the Court will require the Department of Corrections to transport Williams without prepayment by Plaintiff.[2]  In this case, the Department

---

[2] It appears that the Court would not err in denying Plaintiff's request to have the Department of Corrections transport Williams without prepayment, as Defendant strongly urges this Court to do.  See e.g., Boring v. Kozakiewicz, 833 F. 2d 468, 474 (3d Cir. 1987) ("[t]he plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems.").  However, for the reasons set forth herein, the Court will direct the Department of Corrections to do so and charge the costs to the Plaintiff.  Cf. Boring, 833 F. 2d at 474 (3d Cir. 1987) ("There is no provision for furnishing pretrial detainees expert witnesses at government expense; but, without expert testimony, pretrial detainees' complaints that their jailers neglected to provide them with prescribed medical treatment cannot reach the jury. Thus indigent

of Corrections should not be able to shield itself behind
subsection (a) when it or its employees are accused of wrongdoing
and the sole evidence to support the complainant is another
inmate within that same institution.  The appearance of Williams
will require no more than one day, even less, perhaps; thus, the
expenditure burden on the Department of Corrections is minimal.
This is not to say, however, that in all cases involving alleged
excessive force the Department of Corrections should be required
to transport every inmate/witness identified by a
plaintiff/inmate.  Instead, the Court will have to conduct a
fact-based inquiry on a case-by-case basis.  Here, that inquiry
results in the production of only one other inmate housed in the
same facility, without whom Plaintiff has no chance of pursuing
his civil rights claim.  Moreover, the Court will direct that the
costs of transporting Williams shall be ultimately borne by the
Plaintiff.

------------------------------

pretrial detainees can never recover for pain and suffering,
suffered as a result of neglected medical treatment unless they
are released, obtain funds, and can hire an expert. The
inhumanity of this paradoxical rule of law alone suggests a
serious flaw. If our superiors in the federal judicial hierarchy
were to insist upon such inhumane a rule, we would, despite
misgivings, have to apply it. The Supreme Court, however, has not
suggested it, and this court's caselaw is to the
contrary)(Gibbons, J., dissenting).

In the event that Plaintiff prevails in the liability phase of his trial and is awarded damages by a jury following the damages trial, Plaintiff's damages award shall be reduced by the costs incurred by the State as a result of complying with this Court's order to produce Williams.[3]  If, however, Plaintiff does not prevail in this matter, for every month Plaintiff's prison account exceeds $10.00, until the costs of producing Williams are paid, the agency having custody of the Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Department of Corrections payment equal to 20% of the preceding month's income credited to Plaintiff's account.  Each payment shall reference the civil docket number of this action.  The Court notes that Plaintiff's projected release date is in January of 2016, ensuring that several payments will be collected prior to his release, whereupon he will become a productive citizen and be able to repay the amount in full.  This Court finds this solution to be the most equitable balancing of interests in light of the language of N.J.A.C. 10A:3-9.13 and Plaintiff's rights under § 1983.

---

[3] This Court assumes that the Plaintiff does not object to this procedure as it was the Court's original decision with respect to producing Williams without prepayment by Plaintiff. Indeed, Plaintiff has requested the Court adhere to its initial ruling.

11

IV.   Conclusion

For the foregoing reasons, Defendant's request for summary judgment is denied and trial in this matter will commence on June 19, 2014.  The Department of Corrections will produce Williams and the appropriate Writ will issue.


/s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: June 2, 2014